58 P.3d 1281

STATE of Idaho, Plaintiff–Respondent,

v.

Arnold Lee WALLACE, Defendant–
Appellant.

No. 27365.

Court of Appeals of Idaho.

July 18, 2002.

Review Denied Oct.17, 2002.

Appeal from the District Court of the
Fourth Judicial District, State of Idaho, Ada
County. Hon. Thomas F. Neville, District
Judge.

Alan E. Trimming, Ada County Public De-
fender; David J. Smethers, Deputy Public
Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General;
William M. Loomis, Deputy Attorney Gener-
al, Boise, for respondent.

LANSING, J.

This appeal requires that we determine
whether the defendant's due process rights
or his right against self-incrimination were
violated by the district court's decision to
conduct a probation violation hearing before
the resolution of a pending felony charge
where the felony bore a relationship to the
alleged probation violation.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In the present case, Arnold Lee Wallace
was serving a term of probation for a forgery
offense when, on July 5, 2000, to satisfy a
condition of his probation, he submitted to a
urinalysis. The test result indicated meth-
amphetamine use, which prompted law en-
forcement officials to search Wallace's resi-
dence on July 14. The search revealed drug
paraphernalia and items believed to have
been used in the manufacture of metham-
phetamine. Wallace was then charged in a
separate action with manufacturing metham-
phetamine.

The State subsequently filed in the present
case notices of three probation violations:
using methamphetamine on or about July 5,
2000, possessing drug paraphernalia on July
14, and manufacturing methamphetamine on
July 14. Wallace denied each allegation and
requested a continuance of the probation vio-
lation hearing until after his trial on the
manufacturing charge. He contended that
his right to procedural due process and his
Fifth Amendment right against self-incrimi-

nation would be violated if the probation violation hearing were conducted prior to his trial on the new felony charge. He argued that any testimony he might give at the probation violation hearing, either in defense of the allegations or in mitigation of punishment, could be used against him in the future criminal trial. Unless the probation violation proceedings were postponed, Wallace asserted, he would be put to a choice of either foregoing his right to testify at the probation hearing or waiving his right against self-incrimination in the manufacturing case by providing evidence that could be used against him in that trial. The district court granted Wallace's motion in part, deferring the hearing on the two probation violation allegations that stemmed from the July 14 search, but allowing the hearing to go forward on the first alleged probation violation, the use of methamphetamine on July 5.

On advice of counsel, Wallace chose not to testify at the probation hearing. The district court found that the use of methamphetamine was proved and that Wallace was therefore in violation of his probation terms. The court reinstated Wallace's probation, but made the reinstatement subject to additional conditions, including service of 180 days in jail.

Wallace appeals, asserting that the district court's refusal to postpone the probation hearing violated his right to due process, his right against compulsory self-incrimination, and his right to effective assistance of counsel. Wallace contends that the facts surrounding the dirty urinalysis and the manufacturing charge are so intertwined that it would have been impossible for him to testify at the probation violation hearing without risking self-incrimination on the manufacturing charge.

## II.

## ANALYSIS

■ This Court exercises free review over Wallace's claims of constitutional deprivations. *State v. Radford,* 134 Idaho 187, 189, 998 P.2d 80, 82 (2000); *State Dep't of Finance v. Tenney,* 124 Idaho 243, 250, 858 P.2d 782, 789 (Ct.App.1993).

■ The issues raised by Wallace are matters of first impression in this state, but they have been addressed in other jurisdictions. The Ninth Circuit Court of Appeals in *Ryan v. Montana,* 580 F.2d 988 (9th Cir.1978), *cert. denied,* 440 U.S. 977, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), considered a similar circumstance where a probationer had been charged with a new theft offense, and with a corresponding probation violation. The defendant sought a continuance of the probation revocation hearing until the completion of the theft trial. Like Wallace, the defendant argued that any testimony he gave at the probation hearing might be incriminatory in the subsequent criminal proceeding. The trial court denied the continuance, and the defendant chose not to testify at the hearing. After finding that the theft had occurred, the trial court revoked the defendant's probation. In a subsequent federal habeas corpus action, the defendant contended that he had been deprived of due process by being forced to elect between remaining silent in the probation hearing, and thereby risking probation revocation, or speaking in his own defense and risking self-incrimination in the theft case. The Ninth Circuit acknowledged that, "[a]s a general proposition, the courts do not favor procedural rules which require an individual to sacrifice one constitutional right as the price of preserving another." *Id.* at 992. Nevertheless, the court concluded that "there are circumstances, even at criminal trials, when requiring a defendant to make a difficult strategic choice which necessarily results in relinquishing a constitutional right is both legitimate and, from a self-incrimination standpoint, noncompulsive." *Id.* The court held that the defendant's Fifth Amendment privilege was not violated because the decision whether or not to testify was a strategic choice, and no sanction followed automatically from the exercise of the privilege to remain silent. Rather, the absence of exculpatory information that the defendant might have provided through testimony at the pro-

bation hearing was only one of many factors that might affect the probation revocation decision. In this circumstance, the court said, the defendant was not under the sort of compulsion to testify that would be necessary to demonstrate a Fifth Amendment violation. *Id.* at 991.

The Ninth Circuit also held that the procedure challenged in *Ryan* did not violate due process. The court relied heavily upon the United States Supreme Court's decision in *McGautha v. California,* 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971), where the Court considered the constitutionality of a state procedure that subjected the defendant to a single trial in which the jury was to both determine guilt and fix punishment at death or life imprisonment. In *McGautha,* the Supreme Court rejected the defendant's argument that he was constitutionally entitled to a bifurcated trial so that he could remain silent in the guilt determination phase but, if found guilty, testify in the punishment phase. Under the single-trial system, if he elected to testify on matters pertaining to punishment, there was a danger that his testimony could adversely affect him on the issue of guilt. The United States Supreme Court held this procedure to be constitutional, notwithstanding that the defendant was faced with a difficult choice. *Id.* at 217–20, 91 S.Ct. at 1472–74, 28 L.Ed.2d at 732–34. The Ninth Circuit Court of Appeals concluded in *Ryan* that if the procedure at issue in *McGautha* was not an impermissible imposition upon a defendant's right to be heard in his own defense, "[w]e cannot think, then, that the policies behind the due process right to be heard are significantly impaired by a similar disability at a probation revocation ... hearing, where less procedural protection is generally warranted." *Ryan,* 580 F.2d at 993. Numerous other jurisdictions faced with the same or a similar issue have reached a like conclusion. *See Dail v. State,* 96 Nev. 435, 610 P.2d 1193 (1980), and the many cases cited therein.

These authorities convince us that although the procedure used here created a tension between Wallace's right to be heard in one proceeding and his right against self-incrimination in another, it did not impermissibly impair either of these constitutional rights. Wallace was not prevented from presenting a defense on the alleged probation violation; rather, he was forced to make a strategic choice, not unlike the many other difficult strategic decisions that are faced by criminal defendants in the course of structuring and presenting a defense.

Wallace has also raised a claim on appeal that the forced choice between testifying at his probation hearing and preserving his right against self-incrimination in the manufacturing trial somehow deprived him of effective assistance of counsel in one or both proceedings. However, he has not supported this issue with either a penetrable legal argument nor citation of authority, and we therefore do not address it. *See State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

We find no merit in Wallace's assertion that his constitutional rights were violated when the district court declined to postpone his probation violation hearing until after trial on a related felony charge. Therefore, the district court's order finding Wallace in violation of a condition of his probation is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.