# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43864

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 585 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 29, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN MILO BEESON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 1986, Justin Milo Beeson pled guilty to first degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003(a), 18-4004, and grand theft, I.C. § 18-2403, 18-2407(1)(b)(6). The district court imposed an indeterminate life sentence for first degree murder and a concurrent fourteen-year indeterminate sentence for grand theft. Approximately fourteen years later, Beeson filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. The district court noted that the sentence imposed was the minimum allowed at the time of sentence. Beeson subsequently filed a motion for reconsideration of the denial of his Rule 35 motion, which the district court denied. Beeson appealed, and this Court affirmed the district

court's orders denying Beeson's motion for correction of an illegal sentence and denying the motion for reconsideration. Beeson filed a second Rule 35 motion for correction of an illegal sentence, which the district court denied. Beeson filed a notice of appeal timely from the district court's order denying the second Rule 35 motion.

Beeson asserts that the district court erred in denying his Rule 35 motion, citing to *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012). In *Miller*, the United States Supreme Court held that life imprisonment without the possibility of parole for a juvenile offender is unconstitutional under the Eighth Amendment. *Miller* does not directly apply to Beeson's sentence because Beeson received a life sentence with the possibility of parole.

An illegal sentence under Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). When issues on appeal are not supported by proposition of law, authority, or argument, they will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Because Beeson's indeterminate life sentence falls within the statutory guidelines, it is not in excess of a statutory provision or otherwise contrary to applicable law. Beeson has not shown that his sentence is illegal, nor has he shown any basis for reversal of the district court's order denying the Rule 35 motion for correction of an illegal sentence. Accordingly, the district court's order denying Beeson's Rule 35 motion is affirmed.