## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45573 & 45574

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 16, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LOGAN FINN JOYCE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 45573, Logan Finn Joyce pled guilty to trafficking in heroin. I.C. § 37-2732B(a)(6)(A). In Docket No. 45574, Joyce pled guilty to conspiracy to violate the Uniformed Controlled Substances Act. I.C. §§ 37-2732 and 18-1701. In exchange for his guilty pleas, additional charges were dismissed. The parties entered into a binding plea agreement in which Joyce would be sentenced to a determinate term of seven years for trafficking in heroin. The plea agreement left any indeterminate portion of Joyce's sentence to the discretion of the district court. The terms of the plea agreement also provided that Joyce would be sentenced to a determinate term of five years for conspiracy to violate the Uniformed Controlled Substances

1

Act. The district court sentenced Joyce to a unified term of thirteen years, with a minimum period of confinement of seven years, for trafficking in heroin and a concurrent determinate term of five years for conspiracy to violate the Uniformed Controlled Substances Act. Joyce filed I.C.R. 35 motions in both cases seeking a reduction of the indeterminate portion of his sentences, which the district court denied. Mindful that he did not present any new information with his Rule 35 motions, Joyce appeals specifically challenging only the indeterminate portion of his sentence for trafficking in heroin.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Because Joyce argues only that his indeterminate term is excessive, he cites no argument or authority with regard to his determinate sentence for conspiracy to violate the Uniformed Controlled Substances Act. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we decline to review this sentence on appeal.

Upon review of the record, including any new information submitted with Joyce's Rule 35 motion, we conclude no abuse of discretion has been shown in relation to Joyce's trafficking in heroin sentence. Therefore, the district court's orders denying Joyce's Rule 35 motions are affirmed.