**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45041**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 10, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DEAN WESLEY PADGETT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction, <u>affirmed</u>.

Fyffe Law; Robyn A. Fyffe, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

HUSKEY, Judge

Dean Wesley Padgett appeals from his judgment of conviction entered after a jury found him guilty of felony battery on a law enforcement officer. Padgett argues the district court erred in instructing the jury, which violated Padgett's right to due process. We determine the district court's jury instructions did not amount to fundamental error because Padgett fails to establish that the incorrect jury instruction affected the trial proceedings. Therefore, we affirm the district court's judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

According to testimony at trial, an officer watched Padgett participate in a physical altercation in a store parking lot. The officer called for backup and when additional police officers arrived, Padgett climbed into the front passenger seat of a nearby vehicle. An officer approached the vehicle and ordered everyone to get out of the vehicle with their hands up. Three

1

individuals exited the vehicle but Padgett remained seated in the front passenger seat, where he dropped his hands and appeared to be manipulating something in his lap. Padgett then placed a baggie containing a white crystal substance in his mouth. The officer opened the door of the vehicle and attempted to pull Padgett out, but Padgett resisted by flailing his arms and twisting his body. In the course of these events, Padgett struck or slapped the officer several times. After Padgett's physical resistance, the officer punched Padgett in the chest to facilitate an arrest. The officer was able to gain physical control of Padgett and pull Padgett out of the vehicle, but the fight continued until the officer ultimately handcuffed Padgett. After Padgett was handcuffed, he was transported to a local hospital.

The State charged Padgett with felony battery on a law enforcement officer, Idaho Code § 18-915(3).[1] The jury found Padgett guilty of felony battery on a law enforcement officer.[2] The district court imposed a unified sentence of five years, with two years determinate.

Padgett timely appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

## III.

## ANALYSIS

Padgett argues a jury instruction given by the district court violated Padgett's right to due process. At the jury instruction conference, the district court proposed the following instruction:

INSTRUCTION NO. 13

In order for the defendant to be guilty of Battery on a Law Enforcement Officer in Count I, the state must prove each of the following:

---

[1]  The State also charged Padgett with three misdemeanors: (1) destruction, alteration, or concealment of evidence, Idaho Code § 18-2603; (2) battery, I.C. § 18-903; and (3) resisting or obstructing officers, I.C. § 18-705. These charges are not at issue on appeal.

[2]  The jury also found Padgett guilty of: (1) destruction, alteration, or concealment of evidence; and (2) resisting or obstructing officers. The jury found Padgett not guilty of battery, but found Padgett guilty of the lesser-included offense of fighting, M § 245-10-1-7.

2

1. On or about January 12, 2016,
2. in the state of Idaho
3. the defendant Dean Padgett committed a battery
4. upon [the officer]
5. by willfully and unlawfully using force and or violence upon [the officer], and
6. at the time of the offense, [the officer] was a Boise Police Officer, and
7. the defendant knew or had reason to know [the officer] was a Boise Police Officer.

If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

Neither party objected to this proposed jury instruction. However, as Padgett asserts on appeal, the jury instruction did not accurately correspond to Idaho Criminal Jury Instruction 1212I, which reads:

In order for the defendant to be guilty of Battery, the state must prove each of the following:
1. On or about [date]
2. in the state of Idaho
3. the defendant [name] committed a battery,
4. upon [name of victim]
[5. by (description of conduct alleged in the charging document)]
6. at the time of the offense, [name of victim] was a former or present [peace officer] [sheriff] [police officer] [and]
[7. [name of defendant] committed the offense because of [[name of victim]'s exercise of official duties] [or] [[name of victim]'s former or present official status].]
[or]
[7. the offense was committed while [name of victim] was engaged in the performance of [his] [her] duties, and
8. [name of defendant] knew or reasonably should have known that [name of victim] was a [name of position].]

If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

An omission occurs at subsection 7, as the district court did not instruct the jury that it had to find either that: (1) Padgett committed the offense because of the officer's exercise of official duties or the officer's former or present official status; or (2) the offense was committed while the officer was engaged in the performance of his duties.

Padgett claims the incorrect jury instruction relieved the State of its burden to prove that the officer was engaged in the performance of his duties, and that such a mistake amounts to

3

fundamental error. Specifically, Padgett argues the district court erred when it failed to properly instruct the jury as to the elements of battery on a law enforcement officer.[3] Padgett admits he failed to object to the instructions at trial, and thus, the error must be reviewed under the fundamental error test articulated in *Perry*.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry,* 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. *Perry*, 150 Idaho at 224, 245 P.3d at 976. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Padgett also asserts the jury should have been able to decide whether the officer used excessive force. Padgett concludes the facts would have supported an excessive force instruction had trial counsel requested one, and the outcome of the trial would have been different with this additional instruction. We are not persuaded by Padgett's argument in this regard. First, the issue on appeal is whether it was fundamental error to provide an incomplete jury instruction regarding battery on a law enforcement officer. Padgett's appellate arguments fail to explain how the jury instruction at issue affected the trial proceedings, which is fatal to Padgett's claim. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). It is not enough that Padgett

---

[3] We direct our analysis to Padgett's primary claim on appeal. However, Padgett asserts error involving a second jury instruction, which provided the definition of battery. According to Padgett, Jury Instruction 14 could have misled the jury because it was listed on the same page as the instruction for the elements of felony battery on a law enforcement officer. We are not persuaded by this argument on appeal for two reasons. First, Padgett fails to explain why the jury could have been confused by the definition of battery and how the instruction affected the trial's outcome. Second, Padgett fails to provide authority to support his argument on appeal. We therefore direct our analysis to Padgett's primary claim on appeal.

believes an additional jury instruction should have been given by the district court, since excessive force is not at issue on appeal.

Furthermore, the third prong of the *Perry* analysis requires the appellant to show that where the jury instructions improperly omitted one element of a charged offense, the error was not harmless. *Perry*, 150 Idaho at 224, 245 P.3d at 976. In addressing the harmless error test, the *Perry* Court explicitly held, "where the evidence supporting a finding on the omitted element is overwhelming and uncontroverted, so that no rational jury could have found that the state failed to prove that element, the constitutional violation may be deemed harmless." *Id.* This holding is reiterated later in the *Perry* opinion. *Id.* at 228, 245 P.3d at 980. Here, the instructional error was harmless.[4]

The officers testified that they arrived at the scene in marked police cars and wore uniforms that identified them as police officers. One officer testified that Padgett refused to comply with various commands, appeared to manipulate something in his lap, and then swallowed what looked like a baggie containing a white crystal substance. When the officer told Padgett to get out of the vehicle, Padgett refused to follow the officer's demands. The officer then tried to remove Padgett from the vehicle, at which point, Padgett attempted to avoid the officer, flailed around, and struck the officer several times. Although Padgett claims the officer's actions were excessive and not in the exercise of the officer's official duties, Padgett focuses only on the events that took place *after* Padgett struck the officer. The relevant question, however, is whether the officer was engaged in his official duties *at the time* Padgett struck the officer. Padgett provides no argument that the officer's attempt to remove Padgett from the vehicle was outside the scope of his lawful duties. There is overwhelming evidence the officer was either exercising his official duties or engaged in the performance of his duties at the time Padgett struck the officer, and no reasonable jury could have found otherwise. As such, Padgett has failed to establish any prejudice or fundamental error regarding the elements instruction.

---

[4]  Because Padgett fails to establish that the incorrect jury instruction affected the trial proceedings, we need not address the first two prongs of the *Perry* analysis.

## IV.
## CONCLUSION

The district court's jury instructions did not amount to fundamental error because Padgett had failed to establish that the incorrect jury instruction affected the trial proceedings. Therefore, we affirm the district court's judgment of conviction.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.