**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46910**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 12, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL GERALD GRIFFITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying I.C.R. 35 motion, <u>affirmed</u>.

Michael G. Griffith; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Michael Gerald Griffith appeals from the district court's denial of his Idaho Criminal Rule 35 motion, arguing his sentence is illegal because the district court lacked subject matter jurisdiction. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Griffith was charged with robbery, use of a deadly weapon in the commission of a crime, and unlawful possession of a firearm. Pursuant to a plea agreement, Griffith pled guilty to robbery and the remaining charges were dismissed. The district court imposed a unified term of twenty-five years with five years determinate.

In 2019, Griffith filed an I.C.R. 35 motion claiming his sentence was illegal because the court lacked subject matter jurisdiction. Specifically, Griffith noted he had irrefutable proof he was a sovereign and not a person which rendered the judgment void. He further argued that any

1

other action would amount to kidnapping. Even absent any cogent legal argument, the district court concluded Griffith's sentence was not illegal and the court did have subject matter jurisdiction based on the face of the record. Accordingly, the district court denied Griffith's motion. Griffith timely appeals.

## II.

## ANALYSIS

When issues on appeal are not supported by applicable propositions of law, authority, or argument, they will not be considered. Idaho Appellate Rule 35; *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Griffin appears to argue that, by virtue of a judgment entered by a Pennsylvania Court of Common Pleas, he is a "sovereign" and not a "person"; full faith and credit requires Idaho to honor the purported Pennsylvania judgment; by virtue of rules of statutory construction, only persons not sovereigns may be subject to jurisdiction in the Idaho courts; and, the Idaho courts therefore lacked jurisdiction over him. Griffin cites to general cases regarding statutory construction, full faith and credit, judicial notice, oath of office, subject matter jurisdiction, and federal law. However, he cites no law that connects these general propositions in the manner he seems to wish us to do.[1] The district court acquired subject matter jurisdiction when the state filed a complaint alleging Griffith committed crimes within the state of Idaho.[2] Griffith has waived the issue on appeal for lack of applicable argument and authority.

## III.

## CONCLUSION

Griffith's claims on appeal are not supported by relevant argument or authority. Accordingly, we affirm.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

---

[1] Aside from the fact that his claim of irrefutable proof that he is a sovereign is not.

[2] The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law. Idaho Const. art. V, § 20.