**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48789**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 13, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KEIA TAJUANA BLANCHARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge. Hon. Dan C. Grober, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, dismissing appeal from judgment of conviction for possession of drug paraphernalia, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Keia Tajuana Blanchard appeals from the order of the district court, on intermediate appeal from the magistrate court, dismissing her appeal from her judgment of conviction for possession of drug paraphernalia. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Blanchard pled guilty to possession of drug paraphernalia, I.C. § 37-2734A(1), and the State dismissed a possession of marijuana charge. The magistrate court filed the judgment of conviction on August 31, 2020. Recognizing her "appeal [was] not timely," Blanchard filed a notice of appeal on February 8, 2021. The district court conditionally dismissed the appeal, giving Blanchard time to show good cause for the untimely filing. In response, Blanchard asserted that

"her companion's case was not adjudicated until February 8, 2021[,] when the State moved to dismiss the case without explanation," which "brought rise to the claim that the parties were treated differently, and thus [Blanchard's] appeal." The district court held that the notice of appeal was untimely and dismissed the appeal for lack of jurisdiction. Blanchard again appeals.

## II.

## ANALYSIS

Blanchard, while "mindful of the applicable authorities," asserts the district court erred in dismissing her appeal. The State responds that the notice of appeal was untimely. We agree that the appeal was untimely and, therefore, properly dismissed for lack of jurisdiction.

A district court lacks jurisdiction over an appeal from a magistrate court if the appellant fails to file a notice of appeal within forty-two days of the judgment or appealable order. I.C.R. 54(b)(1)(A), (m).[1] The magistrate court filed Blanchard's judgment of conviction on August 31, 2020. Because the forty-two-day period ended on Columbus Day, a non-judicial day, Blanchard had until October 13, 2020, to file her notice of appeal. *See* I.C.R. 45(a)(3) (extending deadlines that fall on non-judicial days). Blanchard filed her notice of appeal on February 8, 2021, months after the deadline, thereby depriving the district court of jurisdiction. Blanchard asserts that "the State treated [her] and her companion differently" and, thus, the district court "erred in dismissing [Blanchard's] appeal from the magistrate court for untimeliness." Blanchard, however, presents no authority in support of her argument. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Consequently, Blanchard has failed to show that the district court erred in dismissing her appeal.

## III.

## CONCLUSION

Blanchard failed to timely appeal from her judgment of conviction. Accordingly, the order of the district court, on intermediate appeal from the magistrate court, dismissing Blanchard's appeal from her judgment of conviction for possession of drug paraphernalia is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

[1]     As the parties note, the district court relied on I.R.C.P. 83, the civil counterpart to I.C.R. 54, but this mistake is inconsequential because both rules provide a forty-two-day period to appeal.