# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51590

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

WILLIAM L. MURACO,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 30, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Brent L. Whiting, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

William L. Muraco, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

William L. Muraco was convicted of lewd conduct with a child under sixteen, I.C. § 18-1508, and was sentenced to a unified term of life imprisonment, with a minimum period of confinement of ten years. Muraco filed an I.C.R. 35 motion for reduction of sentence, which the district court denied. Muraco filed a second Rule 35 motion for reduction of sentence, which the district court denied due to lack of jurisdiction. Muraco filed a third Rule 35 motion and a supplement to his Rule 35 motion to correct an illegal sentence, arguing his indeterminate life sentence is subject to a maximum of thirty years. The district court denied the motion, and this Court affirmed that denial in an unpublished opinion. *See State v. Muraco*, Docket No. 34681 (Ct. App. Aug. 14, 2008).

1

Muraco filed another Rule 35 motion, which is the subject of this appeal. In this Rule 35 motion, Muraco requested a reduction of his sentence to time served, claiming his sentence is illegal. The district court denied the motion. Muraco appeals.

Idaho Code Section 18-1508 provides that a person who commits the crime of lewd conduct with a minor child shall be imprisoned in the state prison for a term of not more than life. Muraco's life sentence, with a minimum period of confinement of ten years, is facially legal. Muraco argues that his sentence is illegal because indeterminate life "does not have a definition." Muraco does not cite any legal authority to support his claim. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, Muraco's argument fails.

Next, Muraco asserts that his sentence is illegal because of alleged trial error. Whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The record supports the district court's finding that Muraco's sentence is not illegal. Therefore, the district court properly denied Muraco's motion. Accordingly, we conclude no abuse of discretion has been shown. The district court's order denying Muraco's Rule 35 motion is affirmed.

2