**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37095**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 541 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 1, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TONY LEE SHAW, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order of the district court relinquishing jurisdiction, <u>affirmed</u>.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Tony Lee Shaw pled guilty to possession of a controlled substance (methamphetamine). Idaho Code § 37-2732(c)(1). The district court imposed a unified seven-year sentence with a four-year determinate term, to run concurrent with a Cassia County case, and retained jurisdiction. Following a period of retained jurisdiction, the district court relinquished jurisdiction. Shaw appeals, contending that the district court abused its discretion by relinquishing jurisdiction without first ordering a psychological evaluation.

Shaw has provided no authority for the claim that the district court was required to order a psychological evaluation prior to relinquishing jurisdiction, and we are aware of none. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho

1

259, 263, 923 P.2d 966, 970 (1996). Moreover, the court considered the arguments and evidence regarding Shaw's prior head injury.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Shaw has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

The trial court, upon relinquishing jurisdiction, is authorized under Idaho Criminal Rule 35 to reduce the sentence. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the district court's order relinquishing jurisdiction and ordering execution of Shaw's underlying sentence, is affirmed.