# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 43377, 43378, & 43379

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 454 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 30, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| SANTANA MARINA CROSLAND, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction and unified sentence of six years, with a minimum period of confinement of two years, for possession of methamphetamine in Docket No. 43379, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>;

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 43377, Santana Marina Crosland pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced Crosland to a unified term of four years, with a minimum period of confinement of two years. However, the district court suspended the sentence and placed Crosland on probation.

In Docket No. 43378, Crosland pled guilty to burglary. I.C. § 18-1401. The district court sentenced Crosland to a unified term of five years, with a minimum period of confinement of

two years, to run concurrent with her sentence for possession of a controlled substance. The district court determined that Crosland violated her probation in Docket No. 43377. However, the district court reinstated probation for possession of a controlled substance and suspended the sentence for burglary, returning Crosland to probation.

Thereafter, in Docket No. 43379, Crosland pled guilty to possession of a controlled substance. The district court entered a judgment of conviction and sentenced Crosland to a unified term of six years, with a minimum period of confinement of two years, to run concurrent with her two other sentences. The district court also revoked probation in Crosland's prior cases (Docket Nos. 43377 and 43378) and ordered execution of her sentences. However, the district court retained jurisdiction and sent Crosland to participate in the rider program.

Crosland filed I.C.R. 35 motions for reduction of her sentences, seeking a return to probation rather than retained jurisdiction. The district court denied Crosland's motions. Crosland filed notices of appeal in all three cases. On appeal, Crosland alleges that the district court imposed an excessive sentence with regard to Docket No. 43379--possession of a controlled substance.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

In all three cases, Crosland's appeal was timely with regard to the district court's orders denying her Rule 35 motions for reduction of sentences. However, Crosland specifically stated that she does not challenge on appeal the district court's order denying her Rule 35 motions. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Accordingly, we do not address Crosland's Rule 35 motions on appeal.

Crosland's appeal from her judgment of conviction and unified sentence of six years, with a minimum period of confinement of two years, for possession of a controlled substance is affirmed. The district court's orders denying Crosland's Rule 35 motions for reduction of her sentences are also affirmed.