## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44284

| | |
|---|---|
| In the Matter of:  JANE DOE I,<br>A Child Under the Age of Eighteen Years.    ) | |

| | |
|---|---|
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) <br> ) <br> )    2016 Unpublished Opinion No. 706 |
|      Petitioner-Respondent, | ) <br> )    Filed:  September 28, 2016 <br> ) <br> )    Stephen W. Kenyon, Clerk |
| v. | ) <br> ) |
| JANE DOE II (2016-26), | )    THIS IS AN UNPUBLISHED <br> )    OPINION AND SHALL NOT <br> )    BE CITED AS AUTHORITY |
|      Respondent-Appellant, | ) <br> ) |
| and | ) <br> ) |
| GUARDIAN AD LITEM / CASA, | ) <br> ) |
|      Respondent. | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Kent J. Merica, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Kwate Law Offices, PLLC; Zachary A. Battles, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Marcy J. Spilker, Deputy Attorney General, Lewiston, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights.  Jane Doe argues the magistrate erred in considering inadmissible evidence and abused its discretion when it terminated her parental rights.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe is the mother of N.A.  In February 2014, N.A. was taken to the emergency room with a serious burn on her hand, and hospital personnel observed the child's clothing was

dirty and too large. The next day, a police officer and social worker went to the family home to conduct a welfare check and as a result, N.A. was declared in imminent danger. N.A. was taken into the protective custody of the Idaho Department of Health and Welfare (Department). N.A. was placed with her maternal uncle and his wife.

The next month, the first case plan was filed. Doe struggled to comply with all the components of the plan. After one year, although Doe was occasionally attending visits with N.A., Doe was unable to find housing and had not made sufficient progress with the case plan requirements, even after extensions. The court conducted a permanency hearing where it ordered the Department to cease reunification efforts and modified the permanency goal from reunification to adoption by a relative. The Department filed a petition to terminate parental rights shortly afterwards, alleging Doe had been unable to maintain stable independent housing, had not complied with drug testing, and had decreased her contact with N.A. A trial on the termination petition was held in August 2015, but the court found the Department had not met its burden of proving by clear and convincing evidence that Doe had neglected N.A. Three months later, after Doe further failed to comply with the case plan, the court ordered the Department to file a petition to terminate Doe's parental rights. In January 2016, after N.A. had been in the Department's custody for over twenty-four months, a second trial was held regarding the petition to terminate parental rights. The trial court issued a judgment that terminated Doe's parental rights due to clear and convincing evidence of neglect.

## II.

## ANALYSIS

### A.    Hearsay

Doe argues the magistrate erred by allowing hearsay into evidence. The State responds Doe did not preserve this argument by objecting at trial, and therefore, the evidence was properly admitted. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Here, Doe fails to provide argument or authority regarding the admission of evidence at trial. Without citing to authority or presenting an appropriate argument, Doe waives the evidentiary issue on appeal. We therefore conclude the magistrate properly admitted the evidence.

**B.** **Neglect**

Doe argues there was insufficient evidence to support the magistrate's determination that N.A. was neglected. The State disagrees, arguing the magistrate made no errors and there was substantial and competent evidence to support the magistrate's decision.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*. 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(28), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(28)(a)[1] provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate terminated Doe's parental rights because she neglected N.A., was unable to discharge her parental responsibilities, and failed to comply with the case plan. At trial, the State presented evidence Doe initially visited N.A. and participated in substance abuse treatment, but later failed to comply with these case plan requirements. Doe's addiction counselor testified how Doe's treatment and attendance declined in 2015 and she did not comply with the objective of maintaining sobriety and refraining from illegal substances. The social worker assigned to Doe's case testified that Doe stopped scheduling visits with N.A. and refused to search for independent housing. The social worker was concerned Doe continued to make false promises to N.A. about seeing her and making money. There was also evidence Doe stopped using community resources suggested by the case plan, such as housing assistance, rental assistance,

---

[1] Idaho Code § 16-1602 was amended and renumbered in 2014. Such amendment changed the numbering, but not the substance, of the subsections. Citation is to the 2014 amended statute for ease of reference.

and food stamps. The magistrate ruled that Doe was unable to provide sufficient housing, financial and material resources, or a lifestyle without substance abuse.

On appeal, Doe argues she had shown significant improvements in her lifestyle, albeit in what was described as a "rollercoaster of progress." She highlights her path towards reunification with her daughter before medical issues set her back. She also explained she was never homeless and was able to retain employment at Jack in the Box. However, after considering Doe's arguments on appeal, we find there is substantial and competent evidence in the record to support the magistrate's decision that N.A. was neglected.

## C.    Best Interest of the Child

Doe also asserts the court must find it was in the best interest of N.A. to terminate Doe's parental rights.[2] Nonetheless, we will address only the merits of the claim.

Once the trial court establishes a statutory ground for termination, it must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, the employment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014); *see also Doe v. Roe*, 133 Idaho 805, 809-10, 992 P.2d 1205, 1209-10 (1999); *Doe v. State, Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). Thus, a finding that it is in the best interest of the child to terminate parental rights must be made upon objective grounds, supported by substantial and competent evidence. *In re Doe*, 152 Idaho 953, 957, 277 P.3d 400, 404 (Ct. App. 2012).

Here, the magistrate found "it is in [N.A.]'s best interests to have [Doe]'s parental rights terminated." The magistrate considered Doe's involvement as a parent, testimony from case workers, and the length of time N.A. had spent in foster care. It also considered N.A.'s emotional and behavioral development and the need for stability and consistency.

---

[2]    However, Doe fails to present any arguments on appeal regarding the best interest of the child. As noted above, a party waives an issue on appeal if it fails to present argument and authority supporting its claim.

Substantial and competent evidence supports the magistrate's finding that it was in N.A.'s best interest to terminate Doe's parental rights. The court found Doe's drug use and financial problems were not conducive to a stable, permanent home environment. The evidence before the magistrate established that Doe continued to use amphetamine and methamphetamine, had no home, lacked financial resources, had dubious employment history, and failed to maintain a presence in N.A.'s life. Furthermore, N.A. had thrived while in the Department's custody. N.A. had developmental delays, speech challenges, aggressive behavior, and significant emotional outbursts when she was placed with the Department. Since placement with a foster family, these characteristics improved and the family provided stability and security for N.A.

On appeal, Doe fails to support her claim with argument and authority but even if she had, her argument fails. We find there is substantial and competent evidence to support the magistrate's finding that it was in N.A.'s best interest to terminate Doe's parental rights.

## III.

## CONCLUSION

Substantial and competent evidence supports the magistrate's findings that Doe neglected N.A., and it was in the best interest of N.A. to terminate Doe's parental rights. The magistrate's judgment terminating Doe's parental rights is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

6