# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44460

| | | |
|---|---|---|
| In the Matter of the DOE CHILDREN, Children Under the Age of Eighteen (18) Years. | ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | 2017 Unpublished Opinion No. 320 |
| | ) | Filed: January 17, 2017 |
| Petitioner-Respondent, | ) ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2016-38), | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Angela L. Krogh, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Canyon County Public Defender's Office, Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Alana P. Minton, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights.[1] Doe argues the magistrate erred in finding that the Idaho Department of Health and Welfare (Department) made reasonable efforts to reunify Doe with her children when the Department substituted a lower level of substance abuse treatment (level II.1 intensive outpatient) than was recommended by the substance abuse evaluation (level III.5 inpatient). Doe also argues there was not substantial and competent evidence to support the magistrate's finding that Doe neglected her children under Idaho Code § 16-2002(3)(a). We affirm.

---

[1] John Doe did not appeal from the order terminating his parental rights.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of three children. In February 2015, the Caldwell Police Department conducted a welfare check at the family home and declared the children in imminent danger because of unsafe living conditions and the presence of methamphetamine and drug paraphernalia in the home. The children were taken into the protective custody of the Department and placed with their paternal grandparents.

In April 2015, the magistrate approved a case plan. In January 2016, the Department filed a petition to terminate Doe's parental rights. The petition sought termination on the grounds of abandonment, I.C. § 16-2002(5), and neglect, I.C. § 16-2002(3). At the termination hearing, Doe admitted she failed to comply with various portions of the case plan. In particular, Doe testified she did not complete drug treatment, did not complete protective parenting classes, and was convicted for possession of a controlled substance, I.C. § 37-2732(c). However, Doe testified that despite the above circumstances, she had met other requirements of the case plan, such as finding employment. When explaining why she missed supervised visits with her children, Doe testified she was afraid she would be arrested on an unrelated, outstanding warrant if she attended the scheduled visits. Doe argued that despite missing visitation, once incarcerated she began calling the children up to three times per week and crocheting toy animals and blankets as gifts for the children.

The magistrate terminated Doe's parental rights as to Doe's three children. In doing so, the magistrate found: Doe failed to comply with drug testing and failed to complete treatment; was inconsistent with visitation and missed nine visits over the course of three months; did not complete the required parenting class; did not resolve her legal issues, but instead committed a new offense resulting in incarceration; and failed to report changes in her status to the case worker within five days. Regarding Doe's employment, the magistrate found Doe obtained employment. Although Doe obtained employment, the magistrate concluded Doe did not complete this requirement of the case plan because in addition to finding employment, Doe needed to budget her income in order to meet expenses so she could provide a stable home for the children.

Based on the evidence presented and considered, the magistrate concluded because the children had been in custody for eighteen of the last twenty-two months and because Doe did not

complete the case plan, Doe neglected her children. The magistrate found the best interests of the children would be met by the termination of Doe's parental rights and adoption of the children. Doe timely appeals.

## II.

## ANALYSIS

### A. Reasonable Efforts

Doe argues the magistrate erred in finding the Department made reasonable efforts to reunite Doe and her children because the Department allowed the treatment provider to substitute a lower level of substance abuse treatment than the GAIN[2] assessment determined Doe needed. Doe asserts the GAIN assessment determined Doe needed level III.5 inpatient treatment. But instead of providing Doe with level III.5 inpatient treatment, Doe was enrolled in level II.1 outpatient treatment.

Doe's argument--that the treatment provider substituted a lower level of care than the assessment determined--is based on the testimony of her treatment manager at Ascent. The treatment manager testified, "I believe she was referred to 3.5 with substituting 2.1--level 2.1 intensive outpatient." However, based upon a review of the record, the treatment manager's testimony is contradicted by the GAIN assessment and the GAIN assessor's testimony. The GAIN assessment states: "Level of treatment recommended: Level 2.1, Intensive Outpatient treatment at Ascent Meridian per client choice." The program therapist who conducted Doe's GAIN assessment testified, "I referred [Doe] to the most intensive level of treatment that we offer at our facility, level 2.1 intensive outpatient treatment." Because both the GAIN assessment and the GAIN assessor indicated Doe required level II.1 intensive outpatient treatment, Doe's argument has no merit.

Moreover, even if the treatment provider did substitute a lower level of care than the assessment recommended, Doe did not provide the Court with any legal authority supporting her argument that this substitution demonstrates the Department failed to make reasonable efforts. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, Doe has waived that argument on appeal.

---

[2] A Global Appraisal of Individual Needs ("GAIN") assessment is the substance abuse evaluation approved by the Idaho Department of Correction and is used in all cases where substance abuse is present.

**B.    Neglect**

Doe argues there was insufficient evidence to support the magistrate's determination that Doe neglected her children. The State disagrees, arguing the magistrate made no errors and there was substantial and competent evidence to support the magistrate's decision.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

4

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate terminated Doe's parental rights because: (1) Doe failed to comply with the case plan; (2) Doe neglected her children by failing to provide a healthy, safe environment and the parental care necessary for the health, morals and well-being of the children; and (3) termination was in the best interest of the children. At trial, Doe argued she made progress on her case plan prior to her incarceration. She explained she obtained several jobs and had visits with her children until October 2015. Doe highlighted the fact that since incarceration, she had participated in substance abuse treatment classes provided by the Idaho Department of Correction. Further, she testified that since incarceration, she called her children up to three times per week and crocheted the children blankets and toy animals. The State presented evidence that while Doe initially visited the children and participated in substance abuse treatment, she later failed to comply with these case plan requirements. Doe's treatment manager testified that although she believed Doe wanted to be clean, Doe did not attend treatment sessions regularly, missed multiple urinalysis appointments, and did not complete the

treatment program. The treatment manager also testified she offered to help Doe find safe and stable housing, but Doe declined the offer. The supervised visitation technician with Family Connections[3] testified the visitation contract ended because Doe missed three or more visits.

The case manager assigned to Doe's case testified the Department terminated the contract for supervised visits with Family Connections because Doe missed or cancelled nine scheduled visits. The case manager testified that Doe was inconsistent with visitation throughout the lifetime of the case. She explained before Doe was taken into custody to serve her sentence, Doe contacted the case manager and scheduled a visit to see the children, but at the appointed time, Doe did not attend. The case manager testified that since Doe's incarceration, Doe had telephone visits two to three times per week and requested video visits with the children. However, the video visit request was denied because the phone calls from Doe increased the oldest child's anxiety, which sometimes caused him to vomit. The case manager also testified that Doe was referred to a parenting class, but was discharged from the class due to lack of participation. Although the case manager gave Doe another parenting class referral, Doe did not attend the class.

Based on this testimony, there is substantial and competent evidence in the record to support the magistrate's decision that Doe failed to comply with the case plan, had neglected the children, and parental termination was in the best interest of the children.

### III.

### CONCLUSION

Doe's argument that the Department failed to make reasonable efforts by allowing the treatment provider to substitute a lower level of care than the assessment determined she needed is without merit because both the GAIN assessment and the GAIN assessor, who conducted Doe's GAIN assessment, indicated Doe required level II.1 intensive outpatient treatment and Doe received this recommended treatment. The magistrate's finding of neglect is supported by substantial and competent evidence. We affirm the magistrate's judgment.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.

---

[3] Family Connections contracts with the Idaho Department of Health and Welfare to provide supervised visitation to families referred by the Department.