IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46326

| | |
|---|---|
| In the Interest of JOHN DOE I, and JANE DOE I, Children Under Eighteen (18) Years of Age. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: January 23, 2019 |
| Plaintiff-Respondent, | ) ) Karel A. Lehrman, Clerk |
| v. | ) ) THIS IS AN UNPUBLISHED |
| JOHN DOE, | ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. A. Lynne Krogh, Magistrate.

Judgment terminating parental rights, affirmed.

David Lee Posey, Payette, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Matthew Thompson, Deputy Attorney General, Caldwell, for respondent.

---

GRATTON, Chief Judge

John Doe appeals from the judgment terminating his parental rights to his two minor children. Doe argues that the magistrate erred in ruling that he neglected his children, erred in not considering his defenses, and erred in ruling that it was in the best interests of the children for his rights to be terminated. For the reasons set forth below, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This case arose in July 2015, when John Doe's (Doe) two minor children, R.C. and K.C., and their half-sibling, D.E., were placed in the care of the Idaho Department of Health and Welfare (Department). Doe and P.E. (mother) are the parents of R.C. and K.C. Doe and mother were previously married and were divorced in 2011. Subsequently, mother married C.E.

1

(stepfather) and together they had one child, D.E. Because Doe was either homeless or in prison, the three minor children lived with mother and stepfather. In 2015, the children were taken into the care of the Department after it was reported that R.C. was coming to school with indications of worsening physical abuse.

Case plans for mother and stepfather were ordered by the court, and based on multiple failures on the part of both parents, the Department filed for termination of parental rights. After a five-day trial in 2018, the magistrate terminated the parental rights of all three parents. Doe's termination was based on a finding of neglect and the best interests of the children. Doe timely appeals.

## II.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test

2

requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Here, the magistrate terminated Doe's parental rights based upon a finding of neglect. *See* I.C. § 16-2005(b).

**A.      Neglect**

Idaho Code § 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Idaho Code § 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical, or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. The magistrate terminated Doe's parental rights based upon a finding of neglect under I.C. § 16-2002(3)(a).

First, Doe argues that the magistrate erred in ruling that Doe neglected the children. However, the magistrate's finding that Doe neglected the children was based on substantial and competent evidence. The child protection case began in October of 2015. From the time that the

child protection case began until Doe was released from prison in January of 2018, Doe was either homeless or incarcerated. In regard to Doe's incarceration, Idaho law recognizes that "an incarcerated parent is certainly 'unable to discharge his responsibilities to and for' his children and, he is leaving his children without 'the parental care necessary for [their] health, safety or well-being.'" *Idaho Dep't. of Health and Welfare v. Doe (2011-12)*, 151 Idaho 846, 852, 264 P.3d 953, 959 (2011). Moreover, throughout the pendency of the case, Doe failed to provide any care for the children. All care and support necessary for the children's well-being was provided by the State, the foster parents, and by mother and stepfather during their extended home visits. Prior to the child protection case, Doe acknowledged that after losing his job in 2014 until his incarceration in 2016, he was homeless and unable to provide the care necessary for himself, let alone his children. Although it is important to note that Doe made improvements by participating in some visitation and paying a few support payments after his release, he has not provided the care or support necessary for his children's well-being within the last five years, nor has he demonstrated a sustainable ability to do so.

Next, Doe argues that the magistrate failed to make the appropriate findings. While acknowledging that Doe did not have an "officially approved case plan," Doe cites to *Dept. of Health and Welfare v. Doe*, 161 Idaho 596, 389 P.3d 141 (2016) for the proposition that the magistrate was required, but failed to make a finding that Doe was "responsible" for non-compliance with the requirements of the case plan and as such the magistrate erred in not considering Doe's depression, homelessness, unemployment, and incarceration as impossibility defenses.

As an initial matter, Doe never had a case plan. Additionally, Doe's rights were terminated based on a finding of neglect for not providing proper parental care, I.C. § 16-2002(3)(a), not based upon a finding of neglect for failing to comply with the case plan, I.C. § 16-2002(3)(b). Therefore, the magistrate was not required to find that Doe was responsible for failing to comply with the case plan. *See Doe*, 161 Idaho at 596, 389 P.3d at 141. To the extent that Doe is arguing that the magistrate was required to find that Doe was "responsible" for neglect and thus required to consider impossibility as a defense under I.C. § 16-2002(3)(a), Doe has provided no authority to support that proposition.[1] A party waives an issue on appeal if

---

[1] Although the magistrate did not consider impossibility as a defense because it made a finding of neglect under I.C. § 16-2002(3)(a), it did consider Doe's depression, homelessness,

either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, for the reasons set forth above, substantial and competent evidence supports the magistrate's finding that Doe neglected the children.

**B.     The Children's Best Interests**

Doe argues that it is not in the children's best interests to terminate his parental rights. The Department argues that substantial and competent evidence supports the magistrate's finding that termination of Doe's parental rights is in the best interests of the children.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interest of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe's children have not received the stability at home that they deserve, but are making improvements while in the Department's care. R.C. has made great improvement at the residential facility. R.C.'s residential case manager testified that he has made substantial progress and although R.C. started out "cussing and yelling and screaming . . . . He has become a--a very nice young man. He's polite. He's caring. He tries really hard to help people." She testified that since R.C. entered the program "compared to now, he's doing phenomenal." The Department's case manager testified that K.C. is having no issues with her current placement. In addition, Doe testified that he is currently living in a camper outside of his mother's house. As

---

unemployment, and incarceration when making its findings. The magistrate explained that although Doe testified that he has "always done what he has been able to do," his efforts have been "limited by depression, homelessness, unemployment, and incarceration. The statute does not define neglect by what a parent is able to do, but instead by what is necessary for a child's well-being."

noted above, throughout the case Doe was either incarcerated or homeless and had difficulty finding a stable home or employment. The children deserve to have permanency and stability, neither of which Doe has been able to provide for them. For these reasons and the reasons set forth above, termination of Doe's parental rights is in the best interests of the children.

## III.

## CONCLUSION

There is substantial and competent evidence to support the magistrate's findings that Doe neglected the children. Additionally, it is in the best interests of the children to terminate Doe's parental rights. Therefore, the judgment terminating Doe's parental rights is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.