**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47743**

| | | |
|---|---|---|
| In the Interest of John Doe I, A Child Under Eighteen (18) Years of Age. | ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | |
| | ) | Filed:  June 9, 2020 |
| Plaintiff-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JOHN DOE (2020-06), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Blaine Cannon, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Clayne S. Zollinger, Jr., Deputy Cassia County Public Defender, Burley, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

John Doe (Father) appeals from the judgment terminating his parental rights.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Mother and Father are the biological parents of one minor child, J.J., who is the subject of this appeal.  The child was declared to be in imminent danger and taken into custody by the Department of Health and Welfare (the Department) after testing positive for methamphetamine at birth.  Mother also tested positive for methamphetamine and admitted to using methamphetamine during her pregnancy.

1

Following a shelter care hearing, the magistrate court determined J.J. should remain in foster care. A case plan was ordered without objection from Mother or Father, who participated in the development of the plan. The tasks in the case plan focused on reunification and Father and Mother providing a safe, drug-free home for J.J. A number of review and permanency hearings were held thereafter. When Mother and Father failed to make any significant progress on each of their case plans, the Department filed a motion for the termination of parental rights. Trial was held and Father failed to appear. After trial, the magistrate court issued its decision and order terminating parental rights based on neglect and the best interests of the child. Father timely appeals.[1]

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights

---

[1]     Mother appeals in a separate case.

be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

Father claims on appeal that the magistrate court erred in finding that the Department made reasonable efforts to reunite the child with its father. Father also claims that the magistrate court imposed an unconstitutional requirement upon Father and otherwise erred in terminating the parent-child relationship.

### A. Reasonable Efforts Review

Father claims that the magistrate court erred in finding that the Department made reasonable efforts to reunite J.J. with Father. It is well-settled that the Department's efforts at reunification are not relevant to the magistrate court's termination decision under I.C. § 16-2005. The Idaho Supreme Court recently reaffirmed this principle in *In re Doe*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019) and rejected an assertion that this principle violates due process. *Id.* at 889-90, 436 P.3d at 1238-39. This Court recently reiterated this principle and further rejected the argument that Father makes in his reply brief, that review of reasonable efforts must be allowed in the termination case rather than on direct appeal from the Child Protection Act case

determination. *State v. Doe*, 166 Idaho 357, 361, 458 P.3d 226, 230 (2020). Father has failed to identify any due process flaw in when or how the Department's reasonable efforts are considered and reviewed in Idaho.

**B.    Substantial and Competent Evidence Supports the Magistrate Court's Finding of Neglect**

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Father argues there was insufficient evidence to terminate his parental rights, specifically his failure to complete the case plan should not be considered because its requirements were unconstitutional. Having found no issue with the case plan, we need only assess whether the magistrate court's determination is supported by substantial and competent evidence. The magistrate court determined J.J. was neglected for a number of reasons, noting the Department's observation that J.J. was not bonded with his Father. The Department and the magistrate court found this was because Father failed to consistently visit the child when given the opportunity. Additionally, Father failed to provide financial support, was not in a position to care for J.J., did not maintain consistent employment, and did not make an effort to provide a safe, drug-free home. Based on these findings the magistrate court determined "[Father] was not able to provide [J.J.] with proper parental care and control and [J.J.] had to remain in foster care. This constitutes neglect."

The magistrate court additionally found neglect based on Father's failure to comply with his case plan. The magistrate noted that J.J. had been in the custody of the Department for more than fifteen complete and consecutive months based on Father's failure to comply with the tasks in the case plan. Father contends that the requirement in the case plan that he submit a hair follicle for drug testing violated his due process and Sixth Amendment rights. He claims that there was no direct evidence he was using drugs, that it is the Department's obligation to prove otherwise, and that forcing him to submit to drug testing changed the State's burden to prove him guilty beyond a reasonable doubt. First, the State did not have a burden to prove Father guilty, including beyond a

4

reasonable doubt, as this is not a criminal matter. Second, aside from asserting a constitutional rights violation, Father provides no authority supporting his claim. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that when issues on appeal are not supported by propositions of law, authority, or argument, they will not be considered). Further, as noted by the magistrate court, given the circumstances of J.J.'s removal, it was reasonable that Father be required to submit to drug testing and obtain a substance abuse evaluation.

Finally, as set forth above, the refusal to submit to drug testing was not the only requirement of the case plan that Father refused to comply with. Father did not complete counseling or the assigned parenting classes and did not demonstrate that he could provide for J.J.'s basic needs. The magistrate court's finding that the child was neglected is supported by substantial and competent evidence.

**C.     Substantial and Competent Evidence Supports the Magistrate Court's Conclusion That Termination Is In the Child's Best Interest**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court determined it would be in J.J.'s best interests to terminate the parental relationship with his Father. Specifically, it stated:

> [J.J.] is in foster care with a family that loves him and wants to adopt him. [J.J.'s] current placement is in a home with a safe and stable environment. [He] is well cared for and has bonded with his foster family. He will be able to live with his half sister.
>
> . . . .
>
> [Father] also has not demonstrated that he [] will provide [J.J.] with a stable home environment. [Father] has not consistently visited [J.J.]; nor has [Father] consistently supported [J.J.] financially. [J.J.] is not attached or bonded

5

to [Father]. [Father] has not worked to improve his parenting skills. He hasn't completed couple's counseling with [Mother]. . . . For the most part, [Father] failed to work with the Department or follow the case plan adopted by the court. This resulted in [J.J.] having to remain in foster care rather than be re-unified with [Father]. [Father's] lack of interest in reunification with [J.J.] was also demonstrated by his failure to appear for the termination trial.

It is clear upon review that the magistrate court considered the best interests of the child and that those determinations are supported by substantial and competent evidence. Father makes no argument as to the best interests of J.J. As noted by the magistrate court, J.J.'s current home provides permanency and stability. For these reasons, we hold the magistrate court's unchallenged conclusion that terminating Father's parental rights is in J.J.'s best interests is supported by substantial and competent evidence.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's decision to terminate Father's parental rights on the basis of neglect and the child's best interests. Accordingly, we affirm the order terminating Father's parental rights.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.