**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46990**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 3, 2020 |
| Plaintiff-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| AARON JAMES HOWARD, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order granting motion to suppress, reversed; and case remanded.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for appellant. Andrew V. Wake argued.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for respondent. Andrea W. Reynolds argued.

_____

GRATTON, Judge

The State of Idaho appeals from the district court's order granting Aaron James Howard's motion to suppress. The State argues (1) that Howard was lawfully detained; and (2) even if Howard was unlawfully detained, the evidence should not have been suppressed. For the reasons set forth below, we reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Howard was charged with possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1); possession of marijuana, I.C. § 37-2732(c)(3); and possession of paraphernalia, I.C. § 37-2734(A)(1). The charges arose after Idaho State Police Trooper Green initiated a traffic stop around midnight on a vehicle in which Howard was a passenger, after observing the vehicle turn into a driveway without using a proper turn signal. When the trooper

1

pulled behind the vehicle with his emergency lights activated, Howard and the female driver exited the vehicle and began walking away. Trooper Green told them to return to the vehicle. Howard complied with the trooper's commands but the driver ignored Trooper Green and walked away. Trooper Green questioned Howard and Howard refused to give the trooper the driver's name. While he was questioning Howard, another officer arrived on scene. Trooper Green informed Howard that he was not under arrest and placed Howard in handcuffs. Trooper Green then searched Howard for weapons, removed a knife that was on his person, and seated him in the patrol car.

Thereafter, the two officers began to search for the driver by following her footprints in the snow around the back of the house. Eventually, another officer located a female, who appeared to be the driver, three to four houses down from the driveway in which the vehicle was stopped and brought her back to the scene. While Trooper Green questioned the female, who was uncooperative in giving the officers her identity but turned out to be the driver, another officer observed marijuana in plain view in the center console of the vehicle. As a result, the vehicle was searched. Upon searching the vehicle, officers located two backpacks. One backpack contained female clothing and the other backpack, which was black, contained male clothing, as well as a substance officers believed to be methamphetamine and paraphernalia. Consequently, Trooper Green arrested Howard and searched him incident to his arrest. Trooper Green found a digital scale that contained methamphetamine residue on Howard's person.

The State charged Howard with the above-listed offenses and Howard filed a motion to suppress. In support of his motion, Howard argued that "[t]he officer unconstitutionally detained [him] when he refused to let [Howard] leave the parked vehicle . . . ." In response, and among other things, the State argued that Howard was legally detained as a passenger in the vehicle and even if the detention was unlawful, the evidence was not subject to the exclusionary rule because it would have inevitably been discovered after (1) officers searched the vehicle and Howard's person because they saw marijuana in plain view, or (2) the vehicle was towed and an inventory search was conducted.

The district court held a hearing on Howard's motion and made oral rulings from the bench. First, the court concluded that Howard was unlawfully detained. In making its ruling, the court explained:

> [T]here is nothing presented that Mr. Howard was engaged in criminal activity at the time. He was not the perpetrator o[r] the reason for the stop and he did not flee. Nothing was presented by the evidence that there was any reasonable articulable suspicion to continue detaining the passenger of the vehicle . . . .

Second, the court stated that it "does not find the inevitable discovery doctrine to apply to the evidence out of the black backpack, as there has been no evidence that such backpack contained any contents that were identifying attributable to the defendant." Thereafter, the district court entered a written order which stated that the court was suppressing the "evidence gathered against the defendant after he was seized by Trooper Green . . . including but not limited to the backpack located in the vehicle." The State timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The State argues that (1) the district court erred when it determined that Trooper Green unlawfully detained Howard; and (2) even if the detention was unlawful, the district court erred in suppressing the evidence. Because we conclude that Howard was lawfully detained we need not consider the State's alternative argument.

The State argues that Howard was lawfully detained because Trooper Green initiated a lawful traffic stop on the vehicle in which Howard was a passenger and Howard was properly seized until the purpose of the stop was effectuated. The State contends that, because the driver fled, the purpose of the stop had not been effectuated and officer safety required that Howard remain detained while officers searched for the driver.

3

In response, Howard concedes that he initially was lawfully detained as part of the traffic stop. Howard contends, however, that his continued detention was unlawful because Trooper Green did not have reasonable suspicion that Howard committed a crime.[1] Howard argues that he should have been free to walk away from the scene.[2]

In reply, the State does not challenge Howard's assertion that Trooper Green did not have individualized reasonable suspicion that Howard committed a crime. Instead, the State, relying primarily on the United States Supreme Court's opinion in *Arizona v. Johnson*, 555 U.S. 323, 330 (2009), argues that "it is error to conclude that Howard could be detained only if he was suspected of criminal conduct."

The rule articulated by the United States Supreme Court in *Johnson* controls our decision in this case. In *Johnson*, the United States Supreme Court addressed the "authority of police officers to 'stop and frisk' a passenger in a motor vehicle temporarily seized upon police detection of a traffic infraction." *Johnson*, 555 U.S. at 326. In that case, the defendant (Johnson) was a passenger in a vehicle that was lawfully stopped for a traffic violation. Johnson was removed from the vehicle; he was questioned about a possible gang affiliation; and, because the officer suspected that he may be armed and dangerous, he was frisked for weapons. The officer discovered a weapon on Johnson's person. Consequently, Johnson was charged with possession of a weapon by a prohibited possessor and he moved to suppress the evidence discovered during the search of his person. The trial court denied his motion and Johnson appealed.

The Arizona Court of Appeals concluded that although Johnson initially was lawfully detained pursuant to the traffic stop, authority for the seizure ended and a consensual encounter began once the officer started questioning Johnson about a topic unrelated to the traffic mission (i.e., Johnson's gang affiliation). Consequently, the Arizona Court of Appeals concluded that the

---

[1]    In his briefing on appeal, Howard also argued that the nature of his detention, i.e., being handcuffed and placed in the patrol vehicle, was unlawful. Howard withdrew that contention at oral argument.

[2]    In making his argument below, and on appeal, Howard points to the Idaho Constitution and makes the broad assertion that it provides additional protections beyond the Fourth Amendment. However, other than his broad assertion, Howard does not make a legal argument as to how the Idaho Constitution provides more protections or explain factually why Howard is entitled to these heightened protections. Consequently, we will not consider his state constitution argument on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (explaining that a party waives an issue on appeal if either authority or argument is lacking).

officer was not justified in engaging in a *Terry* frisk because Johnson was no longer lawfully seized. After discussing the development of its traffic stop jurisprudence and the importance of officer safety during traffic stops, the United States Supreme Court reversed the decision of the Arizona Court of Appeals concluding that:

> A lawful roadside stop begins when a vehicle is pulled over for investigation of a traffic violation. The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop. Normally, the stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave. An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.
> In sum . . . a traffic stop of a car communicates to a reasonable passenger that he or she is not free to terminate the encounter with the police and move about at will. Nothing occurred in this case that would have conveyed to Johnson that, prior to the frisk, the traffic stop had ended or that he was otherwise free to depart without police permission. [The officer] surely was not constitutionally required to give Johnson an opportunity to depart the scene after he exited the vehicle without first ensuring that, in so doing, she was not permitting a dangerous person to get behind her.

*Johnson*, 555 U.S. at 333-34 (internal quotations and citations omitted).

Based on the rule articulated in *Johnson*, we conclude that the district court erred in holding that Howard's detention was unlawful.[3] Individualized reasonable suspicion was not required to justify Howard's continued detention. To the contrary, Trooper Green had the complete ability to control the scene and it was lawful for Trooper Green to continue to detain Howard during the duration of the traffic stop. *Id*. at 330 (explaining that traffic stops are "especially fraught with danger to police officers"); *see also Maryland v. Wilson*, 519 U.S. 408, 414 (1997) (explaining that officers may minimize the risk of harm by exercising unquestioned command of the situation) (internal quotations omitted). Howard was lawfully seized as a result of the traffic stop and authority for his seizure had not yet dissipated by the time the officers observed the marijuana in plain view in the center console, which observation gave the officers the authority to further detain Howard and to conduct a search of the vehicle. The duration of the stop was extended because the driver fled the scene and the officers were required to search for the driver in order to process the

---

[3]     We acknowledge that the issue addressed in *Johnson* is slightly different from the one presented in this case. However, the rule articulated in *Johnson* applies to the facts of this case and we are bound by that rule.

traffic stop. The purpose of the traffic stop was never fulfilled because after locating the driver and bringing her back to the scene, officers had already observed marijuana in plain view. Although Howard argues that he did not commit a crime and should have been permitted to walk away, Trooper Green "surely was not constitutionally required to give [Howard] an opportunity to depart the scene after he exited the vehicle without first ensuring that, in so doing, [he] was not permitting a dangerous person to get behind [him]." *Johnson*, 555 U.S. at 334. Accordingly, we conclude that Howard's detention was lawful. Because we conclude that Howard's detention was lawful, we need not consider the State's alternative argument that suppression was not required even if Howard's detention was not lawful.

## IV.
## CONCLUSION

The district court erred in concluding that Howard was unlawfully detained. Accordingly, we reverse the district court's order granting Howard's motion to suppress and remand this case to the district court.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.