**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49824**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: December 12, 2023** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| GABRIEL MARTINEZ FLORES, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Judgment of conviction and order denying motion to suppress, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gabriel Martinez Flores appeals from the district court's judgment of conviction, asserting the district court erred by denying his motion to suppress. Specifically, he argues the district court erred in finding that Flores was not subject to an unlawful arrest following his arrest on an outstanding warrant. For the reasons stated below, we affirm the district court's order denying motion to suppress and the judgment of conviction.

**I.**

**PROCEDURAL AND FACTUAL BACKGROUND**

Officer Contreras of the Caldwell Police Department was notified of two outstanding warrants for Flores. One was a bench warrant for failure to appear in a misdemeanor no-contact order proceeding (misdemeanor warrant). The misdemeanor warrant could not be served inside Flores's residence between 8:00 p.m. and 8:00 a.m. absent certain circumstances which are not

1

relevant to this case. The other warrant was a bench warrant for failing to complete ordered Sheriff's Inmate Labor Detail in a juvenile case (juvenile warrant). The juvenile warrant could be served day or night and at any location. Officer Contreras had previous interactions with Flores and was familiar with his residence. Officer Contreras and another officer arrived at Flores's residence, verified with dispatch that the warrants were still active, and reviewed a photograph of Flores using the in-house Spillman report-writing software. Flores's residence was in an area containing several trailers. In front of Flores's trailer was a fence, approximately four feet high, surrounding the front yard of the trailer. The fence had a gate which latched from the inside. When the gate was opened, an individual could walk through the gate and up to the front door of the trailer. Sheets of plywood ran along the side of the trailer, partially shielding the front porch area.

Upon approaching the residence, Officer Contreras heard individuals talking and unlatched the gate on the fence to walk up to the front door of the trailer. The identity of the voice was not immediately apparent because the patio was partially shielded by the plywood wall. The officer did not open or walk through the gate, but instead walked to the side of the trailer and knocked on the plywood wall. In response, an individual seated on the porch peered out around the wall to see who was knocking. Officer Contreras recognized the individual as Flores. Officer Contreras pushed the gate, reached up, and grabbed Flores's arm. The other officer grabbed Flores's other arm. Officer Contreras informed Flores that he was under arrest, then searched Flores incident to arrest and discovered a black zipper bag in his front sweater pocket. As he was booked into jail, a clear plastic baggie was discovered in Flores's wallet. A field test kit was used to test the substance, resulting in a presumptive positive for methamphetamine or MDMA.

Flores was charged with felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. Flores filed a motion to suppress the State's evidence on the grounds that he was subject to an unlawful search and seizure. Specifically, Flores argued that his arrest on the misdemeanor warrant was unlawful because that warrant could not be served at his residence between 8:00 p.m. and 8:00 a.m. and he was arrested at approximately 8:22 p.m. at his residence. The district court held a hearing on the motion.

Following the hearing, the district court entered an oral ruling on the motion. The district court found: (1) Officer Contreras' testimony was credible; (2) the entryway to the trailer was a place "a normal, respectful person" would enter to "go up and knock on the front door of the

2

trailer"; (3) the officers did not violate any of Flores's constitutional rights by unlocking the front gate to walk up towards the trailer; (4) the officers knocked and recognized Flores when he "stuck his head out and looked at the officer"; (5) "law enforcement properly identified [Flores] as the subject of the warrant at or before the time they entered the curtilage to seize [him]"; and (6) the juvenile warrant permitted a residential arrest after 8:00 p.m. Based on the above factual findings, the district court concluded the juvenile case warrant was lawfully executed and there were no grounds on which to suppress the evidence seized; thus, the court denied the motion.

Flores subsequently entered a conditional guilty plea to felony possession of a controlled substance in exchange for dismissal of the misdemeanor paraphernalia charge and he reserved the right to appeal the denial of the motion to suppress. Flores timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Flores appeals the district court's denial of his motion to suppress, arguing he was unlawfully seized during the execution of the arrest warrants, rendering the subsequent search constitutionally invalid. Mindful of the district court's factual finding that Officer Contreras was credible, Flores asserts: (1) that because Flores could not be seen from outside the residence or the street, officers did not know who was on the porch; (2) although a Hispanic male peeked out, the face was so obscured that it was impossible for officers to identify the individual; and (3) Flores did not forfeit his reasonable expectation of privacy nor enter a public place which would make him subject to lawful arrest. The State contends Flores fails to cite argument or authority in support of his assertions and does not challenge the district court's factual findings or legal determinations,

3

therefore waiving any claim of error. Additionally, the State asserts the record reveals no error and the district court correctly denied the motion to suppress.

"A party waives an issue cited on appeal if either authority or argument is lacking." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). If a claim is not factually supported, the argument fails. *Id.* Flores acknowledges on appeal that the district court found that Officer Contreras' testimony was credible, and he does not challenge the district court's other factual findings. Similarly, although Flores asserts the district court erred in denying his motion to suppress, he has not pointed to any legal errors in the district court's analysis and conclusion or provided any argument explaining how the district court erred. Finally, Flores's claim on appeal simply reiterates the arguments he made in the district court, and he essentially asks this Court to reweigh the evidence and accept facts that were rejected by the district court. We decline to do so. As a result, Flores has waived any claim of error. *See id.*

## IV.

## CONCLUSION

Flores has waived any claim of error related to the district court's denial of his motion to suppress. We affirm the district court's order denying Flores's motion to suppress and the judgment of conviction.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

4