## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 51786

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 20, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOHNNY ANGEL GUAJARDO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Theodore Fleming, District Judge.

Judgment of conviction and unified sentence of life, with a minimum period of confinement of twenty-five years, for aggravated battery with a persistent violator enhancement, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Johnny Angel Guajardo pled guilty to aggravated battery. Idaho Code §§ 18-903, 18-907(1)(a). Guajardo admitted to an enhancement of being a persistent violator of the law. I.C. § 19-2514. The district court sentenced Guajardo to a unified sentence of life, with a minimum period of confinement of twenty-five years. Guajardo filed an Idaho Criminal Rule 35 motion, which the district court denied. Guajardo appeals, arguing that his sentence is excessive.[1]

---

[1]     Although Guajardo asserts he is appealing from the denial of his Rule 35 motion, the issue statement in his brief relates only to his sentencing claim. Other than the statement in the

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Guajardo's judgment of conviction and sentence are affirmed.

_____

introduction, Guajardo's brief does not challenge the denial of his Rule 35 motion, thus, we decline to address it. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding a party waives an issue on appeal if either authority or argument is lacking).