# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51000

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

COREY JAMES HALL,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  April 28, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of ten years, for felony domestic battery inflicting traumatic injury and a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

    Corey James Hall was found guilty of felony domestic battery inflicting traumatic injury (Idaho Code § 18-918(2)(a)) and a persistent violator enhancement (I.C. § 19-2514).[1]  The district court sentenced Hall to a unified term of twenty-five years, with a minimum period of confinement

---

[1]    Hall was also found guilty of misdemeanor driving under the influence; however, he does not challenge this conviction or sentence on appeal.

1

of ten years. Hall filed an Idaho Criminal Rule 35 motion, which the district court denied. Hall appeals, arguing that his sentence is excessive.[2]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Hall's judgment of conviction and sentence is affirmed.

---

[2]  Hall notes that his appeal is timely from the district court's denial of his Rule 35 motion but provides no argument or authority as to a claim of error in the denial of his Rule 35 motion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).